IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN ALLEN SCHWEITZER, <br><br> Defendant. | CR-12-06-GF-BMM-RKS-01 <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Schweitzer was accused of violating his conditions of supervised release by consuming methamphetamine, failing to report in person to the probation officer, being fired after refusing to provide a urine sample to his employer, and failing to appear for six urinalysis tests. Mr. Schweitzer's supervised release should be revoked. He should be placed in custody for six months, with supervised release for five years to follow.

## II. Status

Mr. Schweitzer pleaded guilty in 2012 to Failure to Register as a Sexual

1

Offender. Doc. 25. He was sentenced to incarceration for 27 months, with ten years of supervised release to follow. Doc. 30. He began his supervised release period on December 3, 2013. Doc. 34.

**Petition**

The United States Probation Office filed a petition on September 19, 2014, asking the Court to revoke Mr. Schweitzer's supervised release. In the petition, the Probation Office accused Mr. Schweitzer of violating Special Condition 7 of his supervised release by consuming methamphetamine. Mr. Schweitzer had signed an admission form admitting to using methamphetamine on May 1, 2014, and June 2, 2014. The petition alleged that Mr. Schweitzer violated Special Condition 2 by failing to report in person to his probation officer on September 15, 2014. The petition also alleged that Mr. Schweitzer violated Special Condition 6 when he was fired from his employment at Service Master on September 15, 2014, after refusing to provide a urine sample. According to the petition, Mr. Schweitzer violated Special Condition 1 by failing to appear for urinalysis tests on six dates between June and September 2014. Doc. 34. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Schweitzer's arrest. Doc. 35.

**Initial appearance**

Mr. Schweitzer appeared before the undersigned on September 22, 2014, in Great Falls, Montana. Federal Defender David Ness accompanied him at the initial appearance. The Court appointed Evangelo Arvanetes to represent Mr. Schweitzer. Assistant United States Carl Rostad represented the United States.

Mr. Schweitzer said he had read the petition and understood the allegations. He did not contest the alleged violations. Mr. Schweitzer waived the preliminary hearing, and the parties were ready to proceed with the revocation hearing. Both parties consented to proceeding before the undersigned.

**Revocation hearing**

Mr. Schweitzer appeared at the revocation hearing with Mr. Ness. Mr. Rostad appeared on behalf of the United States.

Mr. Schweitzer admitted that he violated his supervised release conditions 1, 2, 6, and 7. The violations warrant revocation of Mr. Schweiter's supervised release.

Mr. Schweitzer's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for any term of years, less any custodial time imposed. The United States Sentencing Guidelines call for six to 12 months in custody.

Mr. Rostad requested a sanction of incarceration for six months followed by supervised release for five years.  Mr. Ness agreed with Mr. Rostad's recommendation.  Mr. Schweitzer briefly addressed the Court and acknowledged that he had made bad decisions.

### III.  Analysis

Mr. Schweitzer's supervised release should be revoked because he admitted violating its conditions.  He should be incarcerated for six months, with five years of supervised release to follow.

### IV.  Conclusion

Mr. Schweitzer was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Schweitzer's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Schweitzer's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

1. Brian Allen Schweitzer violated Special Condition 7 of his supervised release by consuming methamphetamine on May 1, 2014, and June 2, 2014.

2. Brian Allen Schweitzer violated Special Condition 2 of his supervised release by failing to report in person to the probation officer on September 15, 2014.

3. Brian Allen Schweitzer violated Special Condition 6 of his supervised release when he was fired from his employment after refusing to provide a urine sample.

4. Brian Allen Schweitzer violated Special Condition 1 of his supervised release by failing to appear for random urinalysis tests on June 2, August 3, August 16, August 29, September 2, and September 16, 2014.

The Court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Schweitzer's supervised release and committing Mr. Schweitzer to the custody of the United States Bureau of Prisons for six months, with 60 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 29th day of September, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge